IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:13-cv-02526-RBJ

RICHARD B. LANGILLE and GARY F. SKINNER

Plaintiffs,

v.

HUNTER DOUGLAS INC.

Defendant.

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court pursuant to the agreement of the parties, and good cause being shown, the Court ORDERS that the following procedures shall be used in this action for the protection of the parties against the improper disclosure or use of Protected Information (i.e., any information properly designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Order) that the parties: (a) produce in discovery, or (b) file with the Court:

**1.    SUBMISSION TO THE COURT.**

(a)    Prior to filing <u>any</u> Protected Information or any pleading or other paper containing Protected Information with this Court (whether such information is designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" as those terms are defined herein), the filing party shall first provide seven-days' advanced written notice to the non-filing party.

(b)     If, after notice, the non-filing party objects to the filing of any Protected Information, the non-filing party will promptly request a narrow order restricting public access and show good cause as to why such Protected Information is not subject to public disclosure.

**2.      CATEGORIES OF CONFIDENTIAL INFORMATION.**

(a)     **CONFIDENTIAL**.  A document, court filing, response to subpoena, interrogatory or request for admission, or testimony of a witness may be designated by a party as "CONFIDENTIAL" if, in the discretion of the producing, designating, or testifying entity (the "Producing Party"), it is determined in good faith to contain non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of employees.

(i)     The term "CONFIDENTIAL" means any information relating to any trade secrets, designs, know-how, inventions, technical data, ideas, uses, processes, methods, formulae, research and development activities, work in process, or any scientific, engineering, manufacturing, marketing, or business plan, relating to the Producing Party's business, its present or future products, sales, suppliers, customers, or business, whether in oral, written, graphic or electronic form.  CONFIDENTIAL shall also include any financial data, including, but not limited to, account numbers, bank statements, canceled checks, tax documents or any other financial documents relating to the Producing Party or any of its members and/or shareholders.  Finally, CONFIDENTIAL shall also include any documents for which the Producing Party is subject to any confidentiality agreements or obligations.  CONFIDENTIAL shall not include any information (that would otherwise, under the definition herein be considered confidential) that the party receiving the production or designation of information (the "Receiving Party") can demonstrate: (a) was rightfully in the Receiving Party's possession

prior to its being furnished to the Receiving Party under the terms of this Agreement; (b) is now, or hereafter becomes, through no act or failure to act on the part of the Producing Party, generally known to the public; (c) is rightfully obtained by the Receiving Party from a third party, without breach of any obligation to the Producing Party (subject, however, to the terms of this Protective Order, which permits a party to designate documents and information obtained by a third party as confidential information); or (d) is independently obtained by the Receiving Party without use of or reference to the CONFIDENTIAL information. A Receiving Party contesting CONFIDENTIAL designation of a document shall be required to notify the Producing Party in writing that it concludes such document is not confidential under this Agreement, and the Receiving Party shall have fifteen (15) days from such notice to file a motion with the Court for a determination under Paragraph 8 as to whether such information is CONFIDENTIAL under the definitions set forth in this paragraph.

(b) **ATTORNEYS' EYES ONLY**. In some instances, the disclosure of certain information may be of such a highly confidential nature that it requires greater protection than that afforded to CONFIDENTIAL Information. A document, response to subpoena, interrogatory or request for admission, or testimony of a witness may be designated by a Producing Party as "ATTORNEYS' EYES ONLY" if, in the discretion of the Producing Party, it is determined in good faith (1) to contain non-public information of a competitively sensitive, proprietary, financial (including, but not limited to, valuations, financial reports, projections, balance sheets, profit and loss statements, etc.), or trade secret nature, or to involve the privacy interests of employees and (2) that disclosure of such information to opposing parties may be detrimental to the Producing Party. It is expressly understood and agreed that the parties will not designate information as ATTORNEYS' EYES ONLY without counsel making a good faith

1670804.3

determination that the information qualifies as such under this paragraph.  A Receiving Party contesting an ATTORNEYS' EYES ONLY designation of a document shall be required to notify the Producing Party in writing that it concludes such document is not ATTORNEYS' EYES ONLY under this Agreement, and the Receiving Party shall have fifteen (15) days from such notice to file a motion with the Court for a determination under Paragraph 8 as to whether such information is ATTORNEYS' EYES ONLY under the definitions set forth in this paragraph.

3. **DESIGNATION OF INFORMATION PRODUCED.**

(a) Any answers, responses or documents deemed Protected Information under Paragraph l(a) by the Producing Party shall be marked or stamped by the Producing Party as "CONFIDENTIAL."

(b) Any answers, responses or documents deemed Protected Information under Paragraph l(b) by the Producing Party shall be marked or stamped by the Producing Party as "ATTORNEYS' EYES ONLY."

(c) Any answers, responses or documents deemed Protected Information under Paragraphs 2(a) or 2(b) that are produced by a third party who has received a subpoena or other request for documents or information may at the election of any party to this matter be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

(d) Stamping, marking, or designating material as set forth in Paragraphs 3(a), 3(b), and 3(c) shall constitute representation by the Producing Party that it reasonably believes good cause exists to so designate the material pursuant to this Protective Order.

4. **DEPOSITIONS AND SUBPOENAS.**

(a) If Protected Information is marked as a deposition exhibit, such exhibit shall retain its designated status as CONFIDENTIAL or ATTORNEYS' EYES ONLY and, if filed,

the filing party shall first comply with the "Submission to the Court" procedures set forth in Paragraph 1.

  (b)  During any deposition, counsel for either party may request that any portions of the deposition or deposition exhibits also be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The room in which the deposition is being taken shall, at the request of either party, be closed in accordance with the restrictions of Paragraphs 4 and 5. The presence of persons not entitled to attend a deposition pursuant to this paragraph shall constitute justification for counsel to the Producing Party to advise or instruct the witness not to answer and counsel for any other party to request a continuation of the deposition until such time as the room may be closed in accordance with the restrictions of Paragraphs 4 and 5.

  (c)  Upon receipt, all deposition transcripts and the exhibits thereto shall be treated initially as CONFIDENTIAL in their entirety until fifteen (15) days after receipt of the transcript, unless the parties expressly agree otherwise, except that portions previously designated as ATTORNEYS' EYES ONLY shall be treated as ATTORNEYS' EYES ONLY. Within fifteen (15) days after receipt of the transcript, any party may designate portions of a deposition transcript as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines, and exhibits constituting confidential information and the category of confidentiality.

  (d)  The pages of the transcript designated as containing Protected Information and the numbers (but not the descriptions) of the deposition exhibits designated as constituting Protected Information shall be appropriately noted on the front of the original deposition transcript and identified with the appropriate category as set forth in Paragraphs 2(a) and 2(b). Those designated pages and exhibits shall be separately bound in one or more volumes as appropriate

5

and marked as set forth in Paragraphs 3(a) and 3(b). To facilitate this requirement, the party seeking specific designation of a deposition transcript shall ensure that a copy of the Protective Order is provided to the court reporter.

(e) Documents and any other materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information may be shown to a witness to examine or cross-examine the witness during a deposition or trial in circumstances only where the disclosure of such information is relevant to the subject of examination, but the witness shall not be permitted to view such materials in advance of the deposition or trial unless the witness prepared or participated in the preparation of the document or the witness was a recipient of or was shown the document prior to it being produced in this litigation. The witness also shall not be permitted to retain any such documents or things or any copies thereof after the deposition or trial, unless the witness is otherwise authorized under Paragraphs 5 or 6 hereof to receive such information.

(f) Upon receipt, all documents or other information produced by a third party in response to a subpoena or other request shall be treated initially as ATTORNEYS' EYES ONLY in its entirety until fifteen (15) days after receipt, unless the parties expressly agree otherwise. After receipt of any document or information produced by the third party in response to a subpoena or other request, any party may designate all or portions of the documents or information produced as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The designation shall be accomplished by a letter to all other parties listing the documents or information or portions thereof that constitute confidential information. Failure to designate documents or information as CONFIDENTIAL or ATTORNEYS' EYES ONLY within fifteen (15) days after receipt shall not affect the status of any other documents or information, whether or not closely related.

**5.     "CONFIDENTIAL" RESTRICTIONS.**

Protected Information designated as CONFIDENTIAL shall not be disclosed, except by the prior written consent of the Producing Party or pursuant to further order of this Court, to any person other than:

(a)     The attorneys of record for the Receiving Party and the employees and associates of the Receiving Party's attorneys who are involved in the conduct of this action;

(b)     Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters);

(c)     Trial or deposition witnesses, subject to the provisions of Paragraph 4(e), above;

(d)     Independent experts and consultants retained by the Receiving Party's attorneys for purposes of assisting in this litigation; provided, however, that such expert or consultant shall execute the Undertaking set forth in Paragraph 7; and

(e)     A party, or agents, officers, or employees of a party; provided, however, that any such agent, officer or employee shall execute the Undertaking set forth in Paragraph 7.

**6.     "ATTORNEYS' EYES ONLY" RESTRICTIONS**

Protected Information designated as ATTORNEYS' EYES ONLY shall not be disclosed except by the prior written consent of the Producing Party or pursuant to a further order of this Court, to any person other than:

(a)     The attorneys of record in this action for the Receiving Party and the employees and associates of the Receiving Party's attorneys who are involved in the conduct of this action;

(b)     Officers of the Court and supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporters);

(c)     Trial or deposition witnesses, subject to the provisions of Paragraph 4(e), above; and

(d)     Independent experts and consultants, not including parties or their officers, representatives, distributors, agents, or employees, retained by the Receiving Party's attorneys for any party for purposes of assisting in this litigation; provided that, prior to disclosure to such expert or consultant, such expert or consultant first executes the Undertaking as set forth in Paragraph 7.

**7.     UNDERTAKING.**

No disclosure of any Protected Information shall be made to any person, other than those specified in Paragraphs 5 and 6. Moreover, no disclosure of any Protected Information shall be made to any person, other than those specified in Paragraphs 5(a)-(c) or 6(a)-(c) unless the person to whom disclosure is to be made has signed, prior to any disclosure of Protected Information, an Undertaking in the form attached to this Order. The Receiving Party shall retain the originals of all executed Undertakings and promptly provide the Producing Party with a copy of all executed Undertakings upon request.

**8.     OBJECTION TO DESIGNATION**

Any party may contest the designation of any document or information as Protected Information. The Producing Party and Receiving Party shall confer in good faith to resolve any such disagreements, and the Receiving Party shall be responsible for providing a written objection to the Producing Party setting forth the basis for its dispute of the designation. In the event of an irreconcilable dispute regarding the designation of a document, the Receiving Party shall be responsible for filing a motion to resolve the dispute with the Court within fifteen (15) days of the Receiving Party's written objection to the designation. Until the Court rules on any motion, the document or information shall be treated according to the designation, and this Court

shall determine any unresolved disputes using the same standards as if the Producing Party had applied for a protective order under the Federal Rules of Civil Procedure and related law.

**9.     DISCLOSURE.**

(a)     Inadvertent Disclosure. If, through inadvertence, the Producing Party provides any material containing Protected Information during the course of this litigation without designating the material as set forth in Paragraphs 2-3 above, the Producing Party may subsequently inform the Receiving Party in writing of the protected nature of the material and specify the confidentiality designation that should be applied to the material. The Receiving Party shall thereafter treat the disclosed material in accordance with this Protective Order.

(b)     Required Disclosure.  In the event that any person in receipt of Protected Information shall receive a written request, subpoena, or court order seeking disclosure of the Protected Information, such person shall promptly provide a copy of the request, subpoena, or court order to counsel for the Producing Party.  If the Producing Party notifies the Receiving Party in writing of its intention to object to the written request or subpoena, the Receiving Party shall not disclose the Protected Information provided that the Producing Party files a timely motion or response to the subpoena, order or written request.

(c)     Unauthorized Disclosure.  If material containing Protected Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to obtain the return of the Protected Information, and to prevent further disclosure.

**10.   LIMITATION ON USE AND SURVIVAL.**

    (a)   Any Protected Information made available during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatsoever.

    (b)   All obligations and duties arising under this Protective Order shall survive the termination of this action. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Protective Order.

**11.   PRODUCING PARTY'S USE.**

Nothing in this Protective Order shall limit any party or person in the use of its own rightfully obtained and rightfully possessed documents, things, or information for any purpose.

**12.   INDEPENDENT SOURCE.**

The restrictions on use and disclosure set forth in this Protective Order shall not apply to information that prior to being obtained by the Receiving Party pursuant to this Protective Order, either is in the rightful possession of the Receiving Party or is demonstrably public knowledge. The restrictions, uses, and disclosures set forth in this Protective Order shall further not apply to information that, after being obtained by the Receiving Party pursuant to this Protective Order, becomes demonstrably public knowledge other than by act or omission by the Receiving Party.

**13.   RETURN.**

At the conclusion of this action, all tangible Protected Information, and all copies of Protected Information shall, at the Receiving Party's option, be destroyed or returned to counsel for the Producing Party.

**14.   PROTECTION OF THIRD PARTIES.**

An entity that is not a party to this litigation may take advantage of the protection of Protected Information provided by this Order, and such entity shall be entitled to all rights and protections afforded the Producing Party under this Protective Order.

**15.   MODIFICATION OF PROTECTIVE ORDER.**

The parties reserve the right to seek modification of this Order by the Court as necessary.

**16.   ENFORCEMENT OF PROTECTIVE ORDER**

In any proceeding to enforce the terms of this Protective Order, the prevailing party shall be awarded all reasonable attorney fees and costs incurred in the resolution of the proceeding without regard to whether the party is deemed to be the prevailing party in the overall litigation.

APPROVED:

| *s/ Christopher J.L. Diedrich* | *s/ M. Adam Lewis* |
|---|---|
| Michael E. Lindsay | Randall H. Miller |
| Christopher J.L. Diedrich | Stephen D. Gurr |
| Snell & Wilmer L.L.P. | Andrew B. Mohraz |
| 1200 Seventeenth Street, Suite 1900 | M. Adam Lewis |
| Denver, Colorado 80202 | Bryan Cave LLP |
| Phone: (303) 634-2000 | 1700 Lincoln Street, Suite 4100 |
| Fax: (303) 634-2020 | Denver, Colorado 80203 |
| | Phone: (303) 861-7000 |
| | Fax: (303) 866-0200 |
| Attorneys for Plaintiffs Richard B. Langille and Gary F. Skinner | Attorneys for Defendant Hunter Douglas, Inc. |

ACCEPTED AND ORDER GRANTED this 18th day of March, 2014.

_____
R. Brooke Jackson
United States District Judge

# UNDERTAKING

I acknowledge that I, _____ (Name), of _____ (Place and Position of Employment), am about to receive Confidential Information and/or Information designated Attorneys Eyes Only supplied by _____ (Party). I certify that I understand that such Confidential and/or Attorneys Eyes Only Information will be provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER of _____, 2014, entered in Civil Action No. 13-cv-02526-RBJ captioned RICHARD B. LANGILLE and GARY F. SKINNER v. HUNTER DOUGLAS, INC., in the United States District Court for the District of Colorado (the "Court"). I further represent that I have been given a copy of and have read that PROTECTIVE ORDER, and that I agree to be bound by all of its applicable terms. I also understand that documents and/or information having any confidential designation, and all copies, summaries, notes and other records that may be made regarding such documents and/or information, shall be disclosed to no one other than persons qualified under the PROTECTIVE ORDER to have access to such information. I consent to personal jurisdiction over me by the Court for purposes of enforcing the PROTECTIVE ORDER.

I understand and acknowledge that violation of this Undertaking or the PROTECTIVE ORDER may be punishable by Contempt of Court.

Signature: _____

Date: _____

1670804.3